

# NUMBER 13-09-00458-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **MISSION CONSOLIDATED**<br>**INDEPENDENT SCHOOL DISTRICT,** | **Appellant,** |

**v.**

| | |
|---|---|
| **GLORIA GARCIA,** | **Appellee.** |

### On appeal from the County Court at Law No. 6
### of Hidalgo County, Texas.

# OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Opinion by Justice Garza

In this accelerated interlocutory appeal, appellant, Mission Consolidated Independent School District (the "District"), challenges the trial court's denial of a plea to the jurisdiction in favor of appellee, Gloria Garcia. By four issues, which can be properly categorized as three, the District argues that the trial court erred in denying its plea to the jurisdiction because: (1) Garcia failed to allege jurisdictional facts vesting subject-matter jurisdiction in the trial court; (2) Garcia's lawsuit was not timely filed under the Texas Commission on Human Rights Act ("TCHRA"), *see* TEX. LAB. CODE ANN. § 21.254 (Vernon 2006); and (3) the District is not an "employer" within the context of the TCHRA, and, thus, there is no waiver of sovereign immunity. We affirm.

# I. BACKGROUND

Initially, this case involved three terminated school-district employees—Garcia, Melinda Sotuyo, and Deborah Medina—who filed lawsuits against the District and its superintendent, H.F. "Jackie" Dyer, alleging violations of the TCHRA and various common-law claims.[1]  *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 166 S.W.3d 902, 903 (Tex. App.–Corpus Christi 2005), *aff'd in part, rev'd in part*, 253 S.W.3d 653 (Tex. 2008).  The District filed a plea to the jurisdiction in each case asserting immunity under section 101.106 of the Texas Tort Claims Act, and the trial court denied the District's pleas.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (Vernon 2005).  On original submission to this Court, we affirmed the trial court's denial of the pleas, concluding that section 101.106 of the Texas Tort Claims Act did not apply to the underlying claims.  *See Garcia*, 166 S.W.3d at 905.

On further appeal, the supreme court concluded that:  (1) the Texas Tort Claims Act's election-of-remedies provision governs all lawsuits filed against a governmental unit; (2) the employees' common-law claims against the District and the superintendent were barred by the Texas Tort Claims Act's election-of-remedies provision; and (3) the Texas Tort Claims Act's election scheme did not bar the employees' recovery under the TCHRA "because the Legislature has consented to suits against the government under the TCHRA . . . and a suit that is based on the TCHRA is not one brought under the [Texas] Tort Claims Act."  *Garcia*, 253 S.W.3d at 654, 660-61 (stating, in particular, that "[w]hile this Court has not previously addressed the issue, all the courts of appeals that have considered it have concluded that the TCHRA clearly and unambiguously waives immunity, and we agree. . . .  In this case . . . Garcia's TCHRA claims against the ISD survive").

---

[1] Garcia filed her original petition on July 2, 2004, asserting various wrongful termination, defamation, negligent misrepresentation, and fraudulent misrepresentation claims.  The record does not contain information regarding the status of Sotuyo's and Medina's lawsuits; however, they are not parties to this appeal.  Furthermore, Garcia acknowledges on appeal that Dyer was dismissed from the underlying suit.

2

On remand, the District filed another plea to the jurisdiction[2] contending that: (1) Garcia failed to allege in her original petition jurisdictional facts demonstrating that she had been discriminated or retaliated against by the District; (2) Garcia failed to comply with the notice provisions contained in the TCHRA, *see* TEX. LAB. CODE ANN. § 21.254; and (3) the District is not an "employer" within the context of the TCHRA, and, therefore, the trial court lacked subject-matter jurisdiction over Garcia's claims. *See id.* § 21.002(8) (Vernon Supp. 2009). After a hearing, the trial court denied the District's plea to the jurisdiction. Thereafter, the District filed a request for findings of fact and conclusions of law. The trial court did not issue any fact findings or conclusions; this accelerated interlocutory appeal ensued. *See* TEX. R. APP. P. 28.1; *see also* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8) (Vernon 2008), 101.001(3)(B) (Vernon 2005).

## II. STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea used to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject-matter jurisdiction. *Id.*; *see Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a trial court has subject-matter jurisdiction and whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction are questions of law that we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

---

[2] We are compelled to note that the District's jurisdictional complaints raised in the plea to the jurisdiction at bar could have been raised in the initial plea to the jurisdiction filed in 2004. While there appears to be no prohibition on such a piecemeal approach, this practice should be discouraged because of the inevitable delay and additional expense. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 10.001(1) (Vernon 2002) (providing, among other things, that "[t]he signing of a pleading or motion . . . constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry . . . the pleading or motion is not being presented for any improper purpose, including to harass or *to cause unnecessary delay or needless increase in the cost of litigation* . . . ") (emphasis added); *see also Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 258 (Tex. 2008) (Brister, J., concurring) (quoting *Iley v. Hughes*, 158 Tex. 362, 311 S.W.2d 648, 651 (1958) ("'Our courts have always frowned upon piecemeal trials, deeming the public interest, the interests of litigants[,] and the administration of justice to be better served by rules of trial which avoid a multiplicity of suits.'")); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 n.29 (Tex. 1994) ("[W]e remain resolute that piecemeal trials as a general rule should be avoided . . . .").

3

The plaintiff has the burden to plead facts affirmatively showing that the trial court has jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Univ. of N. Tex. v. Harvey*, 124 S.W.3d 216, 220 (Tex. App.–Fort Worth 2003, pet. denied). We construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226, 228; *City of Fort Worth v. Crockett*, 142 S.W.3d 550, 552 (Tex. App.–Fort Worth 2004, pet. denied). If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do, even those facts which may implicate the merits of the cause of action. *Miranda*, 133 S.W.3d at 227; *Blue*, 34 S.W.3d at 555 (confining evidentiary review to evidence that is relevant to the jurisdictional issue); *see City of Waco v. Kirwan*, No. 08-0121, 2009 Tex. LEXIS 969, at *6 (Tex. Nov. 20, 2009).

A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a traditional motion for summary judgment. *Miranda*, 133 S.W.3d at 228; *see* TEX. R. CIV. P. 166a(c). The governmental unit is required to meet the summary judgment standard of proof for its assertion that the trial court lacks jurisdiction. *Miranda*, 133 S.W.3d at 228. Once the governmental unit meets its burden, the plaintiff is then required to show that there is a disputed material fact regarding the jurisdictional issue. *Id.* If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave its resolution to the fact finder. *Id.* at 227-28. But, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

"In considering this evidence, we 'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *Kirwan*, 2009 Tex. LEXIS 969, at *6 (quoting *Miranda*, 133 S.W.3d at 228). Further, a defendant cannot simply deny the existence of jurisdictional facts and

4

force the plaintiff to raise a fact issue. *See Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002); *see also County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002) ("In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and evidence pertinent to the jurisdictional inquiry.").

## III. ANALYSIS

### A. Whether Garcia's Original Petition Contained Sufficient Jurisdictional Facts

In its first issue, the District contends that Garcia failed to allege in her original petition sufficient jurisdictional facts to make out a prima facie case of discrimination or retaliation. Garcia counters that the pleadings sufficiently invoke the subject-matter jurisdiction of the trial court. Garcia further argues that the trial court's denial of the District's plea to the jurisdiction was proper because the District is attempting to resolve the underlying merits of the case, which is an inappropriate use of a plea to the jurisdiction.

#### 1. Applicable Law

The TCHRA prohibits an employer from discharging or in any other way discriminating against an employee because of the employee's race, color, disability, religion, sex, national origin, or age. TEX. LAB. CODE ANN. § 21.051 (Vernon 2006). Specifically, section 21.051 of the labor code provides the following:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:
>
> (1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or
>
> (2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

*Id.* The TCHRA also prohibits employers from retaliating or discriminating against an employee who: "(1) opposes discriminatory practice; (2) makes or files a charge; (3) files a complaint; or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." *Id.* § 21.055 (Vernon 2006). Because one of the purposes of the

5

TCHRA is to correlate state law with federal law with respect to employment discrimination, we may look to federal law in interpreting provisions of the TCHRA. *See id.* § 21.001 (Vernon 2006); *see also M.D. Anderson Hosp. v. Tumor Inst. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000); *NME Hosps., Inc. v. Rennels*, 994 S.W.2d 142, 144 (Tex. 1999).

### 2. Discussion

In her original petition, Garcia noted that she first began working for the District in October 1976, and "performed all the duties assigned to her with loyalty, dedication[,] and hard work." However, on or about February 19, 2003, she was "wrongfully discharged by a management employee of Defendant [the District] for illegal and discriminatory reasons, including, but not limited to, participating in an investigation involving another district employee . . . and for exercising her protected right to freedom of association." Garcia further alleged that "she was discriminated against by the Defendant School District due to her race and national origin, namely—Hispanic/Mexican-American descent, gender—female, and due to her age, 48 (d.o.b.—06/15/1954)" and that "her termination was part of a larger unwritten plan or scheme of the Defendant School District to discriminate against older Hispanic female employees who were politically associated with persons adverse to the Administration." Garcia also stated that "there was no legitimate business justification for her termination" because she "had always performed a satisfactory job for the Defendant during her employment . . . and that there was work available and there continues to be work available which [Garcia] could perform" and that she had fulfilled all statutory prerequisites before filing this action.

In response to Garcia's original petition, the District filed a plea to the jurisdiction, which the trial court denied. The District contended that Garcia failed to allege jurisdictional facts demonstrating that she had been discriminated or retaliated against by the District. Specifically, the District argued that the trial court lacked subject-matter jurisdiction over Garcia's discrimination claims because the employee selected to replace Garcia is of the same gender, national origin, and race and is three years older than Garcia. The District further argued that the trial court did not have subject-matter

6

jurisdiction over Garcia's retaliation claim because she "did not participate in an investigation related to a claim brought pursuant to Chapter 21 [of the labor code]."

At the hearing on the District's plea to the jurisdiction, two affidavits were admitted as part of the District's evidence. The first affidavit was executed by Dr. Rebecca Morrison, the Director of Human Resources for the District, which averred that: (1) Dr. Morrison had reviewed Garcia's employment records; (2) Garcia had served as "one of two Community/Home School Liaisons for Veterans Memorial High School"; and (3) the next person hired to fill Garcia's position was Zoila Longoria. The second affidavit, executed by Longoria, provided the following personal information pertaining to Longoria: (1) her birthday is April 14, 1951; (2) she is Hispanic; (3) she is a female; and (4) her national origin is Mexican-American. Beyond its bare assertions at the hearing on the plea to the jurisdiction, the District did not present any evidence addressing Garcia's retaliation claim.

We find that the evidence submitted by the District merely attacks the merits of Garcia's underlying causes of action and does not defeat subject-matter jurisdiction. *See Miranda*, 133 S.W.3d at 228 ("We adhere to the fundamental precept that a court must not proceed on the merits of a case until legitimate challenges to its jurisdiction have been decided. . . . However, by reserving for the fact finder the resolution of disputed jurisdictional facts that implicate the merits of the claim or defense, we preserve the parties' right to present the merits of their case at trial."); *see also Brown*, 80 S.W.3d at 555. Accepting as true the factual allegations made by Garcia in her original petition, taking as true all evidence favorable to Garcia, and indulging every reasonable inference and resolving any doubts in Garcia's favor, we conclude that Garcia has pleaded sufficient facts demonstrating that the trial court has subject-matter jurisdiction over this dispute, and therefore, we cannot say that the trial court erred in denying the District's plea to the jurisdiction.[3] *See Kirwan*, 2009 Tex. LEXIS 969, at *6; *Miranda*, 133 S.W.3d at 226, 228;

---

[3] Our conclusion is further supported by the supreme court's determination that the District is not immune from suit within the context of the TCHRA. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008); *see also Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004) (holding that immunity from suit deprives a court of subject-matter jurisdiction); *Sweeny Cmty. Hosp.*

7

*see also Crockett*, 142 S.W.3d at 552. Accordingly, we overrule the District's first issue.

**B.     Whether Garcia Complied With Section 21.254 of the Labor Code**

By its second issue, the District asserts that Garcia failed to comply with the mandatory and jurisdictional notice requirements contained in the TCHRA. *See* TEX. LAB. CODE ANN. § 21.254. Garcia contends that she filed suit within the sixty-day deadline imposed by the TCHRA and that she exercised due diligence in serving the District with notice of her lawsuit.

The labor code establishes two timelines with which an aggrieved employee must comply. First, an employee must file an administrative complaint within 180 days of any alleged discriminatory acts. *See id.* § 21.202(a) (Vernon 2006); *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d 510, 513 (Tex. App.–Waco 2004, pet. denied); *see also Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485-86 (Tex. 1991). This requirement is "mandatory and jurisdictional"; thus, "failing to comply deprives the court of subject[-]matter jurisdiction." *Schroeder*, 813 S.W.2d at 486; *Czerwinski v. Univ. of Tex. Health Sci. Ctr.*, 116 S.W.3d 119, 121 (Tex. App.–Houston [14th Dist.] 2002, pet. denied); *see Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 700 (Tex. App.–Waco 2002, pet. withdrawn). Whether Garcia complied with this timeline is not in dispute in this case.

Second, the employee must file suit within sixty days of receiving a right-to-sue letter from the administrative agency. *See Vela*, 69 S.W.3d at 699; *see also* TEX. LAB. CODE ANN. § 21.254. The Texas Supreme Court has not addressed whether the sixty-day filing period is jurisdictional. *See Tex. Dep't of Criminal Justice v. Guard*, No. 10-06-00065-CV, 2007 Tex. App. LEXIS 2859, at **7-8 (Tex. App.–Waco Apr. 11, 2007, no pet.) (mem. op.). Several of our sister courts, however, have concluded that the sixty-day filing period is not jurisdictional. *See id.* at **9-10 (citing *Tex. Dep't of Transp. v. Beckner*, 74 S.W.3d 98, 103 (Tex. App.–Waco 2002, no pet.); *Middleton v. Gould*, 952 F. Supp. 435, 438 (S.D. Tex. 1996); *Corner v. Gates of Cedar Hill*, No. 3-00-CV-2499-N, 2002 U.S. Dist. LEXIS 16944,

---

*v. Mendez*, 226 S.W.3d 584, 589 (Tex. App.–Houston [1st Dist.] 2007, no pet.) (same).

at **6-7 (N.D. Tex. Sept. 9, 2002)); *Windle v. Mary Kay, Inc.*, No. 05-02-00252-CV, 2003 Tex. App. LEXIS 5594, at *4 (Tex. App.–Dallas July 1, 2003, pet. denied) (mem. op.) (holding that section 21.254 does not establish a jurisdictional bar; instead, it merely affects a plaintiff's right to maintain suit under the TCHRA) (citing *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 753 (S.D. Tex. 2001) (interpreting the TCHRA); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000) (holding that section 71.031 of the civil practice and remedies code is not a jurisdictional bar but affects a plaintiff's right to maintain a suit)).

We agree with our sister courts that section 21.254 does not establish a jurisdictional bar but does affect Garcia's right to maintain a suit under the TCHRA. *See Beckner*, 74 S.W.3d at 103 (holding that the forty-day filing period in a workers' compensation case is a limitations period and not a jurisdiction bar and stating that "statutory requirements are not 'jurisdictional' merely because they impose a mandatory requirement on the plaintiff before judicial relief may be sought"); *see also Guard*, 2007 Tex. App. LEXIS 2859, at **7-9 (holding that "Chapter 21's 60-day filing period is not jurisdictional" and "a filing period is not an act that must be performed *prior* to filing suit and so is not a statutory prerequisite" (emphasis in original)); *Windle*, 2003 Tex. App. LEXIS 5594, at *4. Because we have concluded that the sixty-day filing period is not jurisdictional, it cannot serve as the proper basis for a plea to the jurisdiction, and therefore, we cannot address it on interlocutory appeal.[4] *See Tex. Educ. Agency v. Donna Indep. Sch. Dist.*,

---

[4] The District argues that Garcia's alleged failure to notify the District of her suit within the sixty-day filing period deprived the trial court of subject-matter jurisdiction, considering section 311.034 of the government code provides that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." *See* TEX. GOV'T CODE ANN. § 311.034 (Vernon Supp. 2009). However, the language referenced by the District was not included in the version of section 311.034 that was in effect when Garcia filed suit on July 2, 2004. *See* Act of June 15, 2001, 77th Leg., R.S., ch. 1158, § 8, 2001 Tex. Gen. Laws 2374, 2433 (amended 2005) (current version at TEX. GOV'T CODE ANN. § 311.034). In fact, the predecessor to section 311.034 provided the following:

Sec. 311.034 WAIVER OF SOVEREIGN IMMUNITY

In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person" as defined by Section 311.005 to include governmental entities does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction.

*Id.* Because the predecessor to section 311.034 is silent as to statutory prerequisites and jurisdictional

9

221 S.W.3d 791, 796 n.3 (Tex. App.—Corpus Christi 2007, no pet.) ("The proper avenue for raising the statute of limitations is a motion for summary judgment—not a plea to the jurisdiction"); *Instrument Specialities Co. v. Tex. Employment Comm'n*, 924 S.W.2d 420, 421 (Tex. App.–Fort Worth 1996, writ denied) (raising service issue by motion for summary judgment); *see also Guard*, 2007 Tex. App. LEXIS 2859, at *9 (citing *Cozby v. City of Waco*, 110 S.W.3d 32, 35 (Tex. App.–Waco 2002, no pet.)). Accordingly, we overrule the District's second issue.

## C. Whether the District is an "Employer" Within the Context of Chapter 21 of the Labor Code

In its third issue, the District argues that it is not subject to the waiver of immunity contained in chapter 21 of the labor code because it is a school district and not an "employer." *See* TEX. LAB. CODE ANN. § 21.002(8).

On original submission, the Texas Supreme Court held that immunity is waived as to a school district under chapter 21 of the labor code. *See Garcia*, 253 S.W.3d at 660; *see also Copperas Cove Indep. Sch. Dist. v. Brown*, No. 10-09-00047-CV, 2009 Tex. App. LEXIS 9814, at **1-2 (Tex. App.–Waco Dec. 30, 2009, no pet h.) (mem. op.) (rejecting a school district's argument that school districts are not "employers" as defined by Chapter 21, and therefore, immunity is not waived). On appeal, the District essentially asks us to reconsider the supreme court's resolution of this issue.

We first note that the "law of the case" doctrine requires that "questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages." *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986). Furthermore, this Court is bound to follow the supreme court's resolution of this issue. *See Lubbock County v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002) ("It is not the function of a court of appeals to abrogate or modify established precedent. . . . That function lies solely with this Court. . . . Generally, the doctrine of stare decisis dictates that once the Supreme Court announces a proposition of law, the decision is considered binding

requirements, we do not consider the District's argument to be persuasive.

10

precedent.").

The District argues that *Garcia* is not the "law of the case" because the specific issue of whether a school district is immune under the TCHRA was never fully briefed or argued. It further argues that the supreme court's more recent decision in *Harris County Hospital District v. Tomball Regional Hospital* calls *Garcia* into question. *See* 283 S.W.3d 838 (Tex. 2009). We are unpersuaded by these arguments. Notwithstanding the lack of briefing or argument, the supreme court considered the waiver issue[5] and concluded that the "TCHRA clearly and unambiguously waives immunity." *Garcia*, 253 S.W.3d at 660. Thus, we must conclude that the definition of "employer" in chapter 21 of the labor code includes school districts, and therefore, immunity is waived.[6] Accordingly, we overrule the District's third issue.

## IV. CONCLUSION

Having overruled all of the District's issues on appeal, we affirm the judgment of the trial court.

DORI CONTRERAS GARZA,
Justice

Delivered and filed the
28th day of January, 2010.

---

[5] "Here, Garcia alleges that the Legislature waived the ISD's immunity in the TCHRA." *Garcia*, 253 S.W.3d at 660.

[6] We also note that the District, in arguing that it is not an "employer" within the context of Chapter 21 of the labor code, argues that it is neither a "political subdivision" of the State of Texas nor a "state instrumentality." If this were true, then, in reconciling chapter 21 of the labor code with section 51.014 of the civil practice and remedies code (the statute authorizing certain interlocutory appeals), the District would not be entitled to appeal the trial court's interlocutory order in this case. *Compare* TEX. LAB. CODE ANN. § 21.002(8) *with* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (providing that a governmental unit as defined by section 101.001 of the civil practice and remedies code may appeal from an interlocutory order granting or denying a plea to the jurisdiction); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B) (defining a "[g]overnmental unit" as "a political subdivision of this state including any . . . *school district* . . . ") (emphasis added).

11